# ORIGINAL

1 | **BENAVENTE_J.com**

2 | FREDERICK A. BLACK
United States Attorney
3 | MARIVIC P. DAVID
Assistant U.S. Attorney
4 | Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
5 | Hagåtña, Guam 96910
TEL: (671) 472-7332
6 | FAX: (671) 472-7215

**FILED**
DISTRICT COURT OF GUAM

MAR 2 2 2002

MARY L.M. [illegible]
CLERK OF COURT

7 | Attorney's for United States of America

8 | **IN THE UNITED STATES DISTRICT COURT**

9 | **FOR THE DISTRICT OF GUAM**

10 | UNITED STATES OF AMERICA,      )      CIVIL CASE NO. **02-00009**
                                  )
11 |                  Plaintiff,   )
                                  )
12 |          vs.                  )
                                  )      **C O M P L A I N T**
13 | JOHN L.G. BENAVENTE,          )
                                  )
14 |                  Defendant.   )
    |_____)

15 |

16 | COMES NOW Plaintiff, UNITED STATES OF AMERICA, by and through its

17 | undersigned attorney, and for cause of action alleges and states as follows:

18 | <u>FIRST CAUSE OF ACTION</u>

19 | 1. This is a civil action by Plaintiff UNITED STATES OF AMERICA for the benefit and

20 | credit of the United Statest Department of Agriculture, Farm Service Agency (hereinafter

21 | referred to as "FSA") which is an agency of the Plaintiff, and the successor to the Farmers Home

22 | Adminsitration.

23 | 2. <u>Jurisdiction:</u> This Court has original jurisdiction over this action under Title 28,

24 | United States Code, § 1345.

25 | 3. Defendant JOHN L.G. BENAVENTE is an individual who at all times relevant herein

26 | has resided in this judicial district and is within the jurisdiction of this Court.

27 | 4. On or about December 22, 1993, Defendant JOHN L.G. BENAVENTE, executed and

28 | delivered to Plaintiff a Promissory Note for an Emergency Loan in the amount of $20,000.00. A

true and correct copy of said Promissory Note is attached and incorporated by reference as Exhibit "A."

5. At the time of the execution and delivery of said Promissory Note and as part of the same transaction and for the purpose of providing further security for payment of said Promissory Note described in paragraph 4, Defendant JOHN L.G. BENAVENTE, delivered a Security Agreement. A copy of said Security Agreement is attached and incorporated by reference as Exhibit "B."

6. That in the aforesaid Security Agreement, the Defendant JOHN L.G. BENAVENTE, granted to FSA a security interest in all accounts, contract rights, general intangibles, harvested or growing crops (on Lot #5401, South Adacao, Barrigada, GU), all livestock, farm and other equipment farm products, supplies and inventory.

7. That FSA's security interest in the Defendant JOHN L.G. BENAVENTE's accounts, contract rights, general intangibles, harvested or growing crops (on Lot #5401, South Adacao, Barrigada, GU), all livestock, farm and other equipment farm products, supplies and inventory, was perfected by the recording of financing statements at the Guam Department of Revenue and Taxation, File Number 12037, on 12/22/93 at 1:32 p.m. and a continuance on 12-11-98 at 10:45 a.m. Copies of said financing statements are attached and incorporated by reference as Exhibit "C" and Exhibit "D."

8. On or about February 15, 1996, Defendant JOHN L.G. BENAVENTE, executed and delivered to Plaintiff a Rescheduled Promissory Note for an Emergency Loan in the amount of $19,061.67. A true and correct copy of said Rescheduled Promissory Note is attached and incorporated by reference as Exhibit "E."

9. On or about December 11, 1997, Defendant JOHN L.G. BENAVENTE, executed and delivered to Plaintiff a Rescheduled Promissory Note for an Emergency Loan in the amount of $20,362.04. A true and correct copy of said Rescheduled Promissory Note is attached and incorporated by reference as Exhibit "F." (hereinafter referred to as "NOTE").

10. Defendant JOHN L.G. BENAVENTE has defaulted in the payment under the terms of said NOTE in that he has breached the covenant to pay the sums thereunder at the time same

- 2 -

1 became due and payable. Payments under said NOTE were to be made in monthly installments
2 of $150.00 which Defendant JOHN L.G. BENAVENTE has failed to do.

3     11. By reason of said breach, Plaintiff has executed its option under the terms and
4 covenants of said NOTE to declare the entire principal balance due thereunder, together with
5 interest, immediately due and payable.

6     12. No payments and/or credits have been made to reduce the original principal balance
7 of said NOTE.

8     13. Due demand has been made upon Defendant JOHN L.G. BENAVENTE for the
9 principal amount for said NOTE, plus interest, and that said Defendant has failed, neglected and
10 refused, and continues to fail, neglect and refuse to reimburse Plaintiff for said indebtedness. A
11 Certificate of Indebtedness dated January 29, 2002 is attached hereto and incorporated by
12 reference herein as Exhibit "G."

13     WHEREFORE, Plaintiff, UNITED STATES OF AMERICA, demands judgment against
14 Defendant JOHN L.G. BENAVENTE in the principal amount of $20,362.04, plus accrued
15 interest to January 26, 2002, in the sum of $2,972.53, and interest thereafter to the date of
16 judgment at the rate of 3.75 percent per annum, and interest from the date of judgment at the
17 legal rate until paid in full; together with costs, including $150.00 in filing fees under 28 U.S.C. §
18 2412(a)(2) and 28 U.S.C. § 1914(a), fees; and for such other and further relief as this Court
19 deems just and proper.

20     DATED: _____ 3/22/02 _____, Hagåtña, Guam.

22                     FREDERICK A. BLACK
                       United States Attorney
23                        Districts of Guam and the NMI

25     By:
26                      MARIVIC P. DAVID
                       Assistant U.S. Attorney

27                      Attorneys of the Plaintiff

- 3 -

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

## PROMISSORY NOTE

| KIND OF LOAN | |
|---|---|
| Type: ___EM___ | ☐ Regular |
| | ☐ Limited Resource |
| **Pursuant to:** | |
| ☐ Consolidated Farm & Rural Development Act | |
| ☒ Emergency Agricultural Credit Adjustment Act of 1978 | |

| Name | |
|---|---|
| JOHN L.G. BENAVENTE | |

| State | County |
|---|---|
| GUAM | BARRIGADA |

| Case No. | Date |
|---|---|
| 6201-586051503 | 12-22-93 |

| Fund Code | Loan No. |
|---|---|
| 43 | 01 |

| ACTION REQUIRING NOTE | |
|---|---|
| ☒ Initial loan | ☐ Rescheduling |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| | ☐ Deferred payments |
| ☐ Consolidation | ☐ Debt write down |
| ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in _____

_____, or at such other place as the Government may later designate in writing, the principal sum of

TWENTY THOUSAND AND NO/100———————————————————————————— dollars

($20,000.00_____), plus interest on the unpaid principal balance at the **RATE** of

FOUR AND ONE-HALF_____ percent (____4.500____ %) per annum and

_____dollars ($ _____ )
of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in ____8____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $ 84.00 | on 01-01-94 | ; $ 3,395.00 | on 01-01-95 ; |
| $ 3,395.00 | on 01-01-96 | ; $ 3,395.00 | on 01-01-97 ; |
| $ 3,395.00 | on 01-01-98 | ; $ 3,395.00 | on 01-01-99 ; |
| $ 3,395.00 | on 01-01-2000 | ; $ 3,165.00 | on 12-22-2000 ; |
| $ | on | ; $ | on ; |
| $ | on | ; $ | on ; |

and $ _____ thereafter on _____ of each _____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

EXHIBIT
4

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT**: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
~~JOHN L.G. BENAVENTE~~      *(Borrower)*

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

Case 1:02-cv-00009    Document 1    Filed 03/22/2002    Page 6 of 25

Form FmHA 440-9
(Rev. 7-28-76)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

SUPPLEMENTARY PAYMENT
AGREEMENT

| STATE | GUAM |
|---|---|
| COUNTY | AGANA |
| CASE NO. | 6201-586725636 |
| DATE | 12-22-93 |

TYPE OF LOAN

☐ FO  ☐ SW

☐ FO-NFE  ☐ RL

☐ RH  ☒ OTHER  EM
(SPECIFY)

The undersigned (whether one or more persons, hereinafter called the "Borrower") being indebted for a loan made or insured by the United States of America, through the Farmers Home Administration, United States Department of Agriculture (hereafter called the "Government") as evidenced by a note or other debt instrument, (hereafter called the "notes"), dated

_12-22_ , 19 _93_ , _____19____ , _____ 19 __ , _____ , 19 ____ ,

and desiring to provide for payment of such indebtedness by a supplementary plan of payments, hereby agree with the Government, for good and valuable consideration, receipt of which is hereby acknowledged, as follows:

1. **THE BORROWER WILL PAY ALL OR PART OF THE INSTALLMENTS OF PRINCIPAL AND INTEREST ON THE NOTE BY MAKING PARTIAL PAYMENT EACH MONTH AS FOLLOWS:**

    (a) FOR THE REMAINDER OF THIS CALENDAR YEAR, BEGINNING ................................
    (month)                     (year)

    $ ....................... FOR .................... MONTHS.
    (amount per month)              (number)

    (b) DURING EACH YEAR FOR THE REMAINDER OF THE TERM OF THE NOTE, BEGINNING JANUARY

    1, 1994
    ..................................................... :
    (year)

| JANUARY ..... $ 283.00 | MAY ....... $ 283.00 | SEPTEMBER ... $ 283.00 |
|---|---|---|
| FEBRUARY .... 283.00 | JUNE ........ 283.00 | OCTOBER ..... 283.00 |
| MARCH ....... 283.00 | JULY ........ 283.00 | NOVEMBER .... 283.00 |
| APRIL ....... 283.00 | AUGUST ...... 283.00 | DECEMBER .... 283.00 |

EACH PAYMENT SHOWN ABOVE SHALL BE MADE ON OR BEFORE THE __LAST__ DAY OF THE RESPECTIVE MONTH INDICATED, AND ANY REMAINING UNPAID PORTION OF THE YEARLY PAYMENT SHALL BE MADE ON OR BEFORE THE ANNUAL INSTALLMENT DUE DATE SHOWN IN THE NOTE.

2. Nothing herein shall be construed as affecting any of the terms or conditions of the note or the instrument securing it, other than the payment schedule set forth in the note,

3. Upon **DEFAULT** by the Borrower in any of the terms or conditions of this agreement, the Government at its option may declare the entire indebtedness of the note immediately due and payable.

4. This agreement may be canceled or amended at any time by mutual agreement in writing between the Borrower and the Government.

    However, if the total indebtedness of the Borrower to the Government is increased because of money advanced pursuant to the terms of the note, mortgage, or security agreement or because of a reduction in the amount of interest credit allowed the Borrower under the provisions of the Housing Act of 1949, as amended, this agreement will be modified by the Government to increase the monthly payments of the Borrower in an amount sufficient to pay the entire indebtedness on or before the due date shown in the note.

| Make Check or Money Order payable to FARMERS HOME ADMINISTRATION and Mail or Deliver your payment to: FARMERS HOME ADMINISTRATION | |
|---|---|
| Street Address or P.O. Box | |
| Town       State       Zip Code | |

_____
JOHN L.G. BENAVENTE        (Borrower)

_____
(Spouse)

☆U.S.GPO:1981-0-765-013/1519

*Position 2*

FmHA 440-9 (Rev. 7-28-76)

USDA-FmHA
Form FmHA 440-4
(Rev. 2/88)



# SECURITY AGREEMENT
# (CHATTELS AND CROPS)

I.   THIS SECURITY AGREEMENT, dated **December 22, 1993** , 19___, is made between the United States of America

acting through the Farmers Home Administration (called Secured Party) and _____ JOHN L.G. BENAVENTE _____

~~XXXX~~ _____ (called Debtor), whose mailing address is

P.O. Box 1609, Agana, GU  96910

II.   BECAUSE Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory note(s) or other instrument(s), and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory note(s) or other instrument(s), all of which are called "note", which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The note evidences a loan to Debtor, and Secured Party at any time, may assign the note and insure the payment thereof to any extent authorized by the Consolidated Farm and Rural Development Act or any other act administered by the Farmers Home Administration and

It is the purpose and intent of this instrument that, among other things, at all times when the note is held by Secured Party, or in the event Secured Party should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced by the note, but as to the note and such debt shall constitute an indemnity security agreement to secure Secured Party against loss under its insurance contract by reason of any default by Debtor; and

NOW THEREFORE, in consideration of said loan(s) and (a) at all times when the note is held by Secured Party, or in the event Secured Party should assign this instrument without insurance of the payment of the note, to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made or insured by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other act administered by the Farmers Home Administration all with interest,  (b) at all times when the note is held by an insured holder, to secure performance of Debtor's agreement in this instrument to indemnify and save harmless Secured Party against loss under its insurance contract by reason of any default by Debtor, (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this instrument, and the performance of every covenant and agreement of Debtor contained in this instrument or in any supplementary agreement:

DEBTOR GRANTS to Secured Party a security interest in Debtor's interest in the following collateral, including the proceeds and products thereof after this collateral:

*Item 1.*   All crops, annual and perennial, and other plant products now planted, growing or grown, or which are planted after this instrument is signed or otherwise become growing crops or other plant products (a) within the one-year period or any longer period of years permissible under State law, or (b) at any time after this instrument is signed if no fixed maximum period is prescribed by State law, on the following described real estate:

| Farm(s) or Other Real Estate *Owner | Approximate No. of Acres | County and State | Approximate Distance and Direction from a Named Town or other Description |
|---|---|---|---|
| Government of Guam | 32 | Barrigada, Guam | Lot #5401, South Adacao, Barrigada, Guam |



EXHIBIT
B

Including all peanut and tobacco poundage allotments existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the debtors to any subsequent party.

*Owner shown in related Financing Statement, except if informed of ownership change show reputed new owner.

FmHA 440-4 (Rev. 2/88)

*Item 2.* All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following:

| Line No. | Quantity | Kind | Manufacturer | Size and Type | Condi-tion | Year of manufac-ture | Serial or Motor No. |
|----------|----------|------|--------------|---------------|------------|----------------------|---------------------|
| 1 | 1 | Riding Mower | Murray | 12 H.P., Model 2337D | VG | 1993 | 203016A |
| 2 | 1 | Lawn Mower | Murray | 3.5 H.P., Model 1702 | VG | 1993 | 21661E |
| 3 | 1 | Bush Cutter | Shindaiwa | Model SM45 | VG | 1993 | 1014513 |
| 4 | 1 | Chainsaw | McCollough | Model 105132 | VG | 1993 | 20329122 |
| 5 | 1 | Chainsaw | Shindaiwa | Model 360 | VG | 1992 | 0037068 |

Any fixture described above is affixed or is to be affixed to the real estate described in *Item 1* of this instrument.

*Item 3.* All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following:

| Line No. | Quantity | Kind-sex | Breed | Color | Weight, average weight | Age or age Range | Brands or other identification |
|----------|----------|----------|-------|-------|------------------------|------------------|-------------------------------|
| 1 | 2 | Doe | Meaty | White | 100 | 1+/− | |
| 2 | 1 | Buck | Meaty | White | 100 | 1+/− | |
| 3 | 100 | Game Chickens & Cocks | Various | Various | 2 | 1+/− | |



*Item 4.*   All accounts, contract rights and general intangibles, as follows:

## III.   DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

A.   Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except (1) any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect, (2) any applicable landlord's statutory liens, and (3) other liens, encumbrances, security or other interests, as follows:

and Debtor will defend the collateral against the claims and demands of all other persons. Reference to the above liens, encumbrances, security and other interests is for warranty purposes only and does not indicate their priority.

B.   Statements contained in Debtor's loan application(s) are true and correct; and Debtor will (1) use the loan funds for the purposes for which they were or are advanced, (2) comply with such farm and home management plans as may be agreed upon from time to time by Debtor and Secured Party, (3) care for and maintain the collateral in a good and husbandlike manner, (4) insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance, (5) permit Secured Party to inspect the collateral at any reasonable time, (6) not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party, and (7) not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this instrument.

C.   Debtor will pay promptly when due all (1) indebtedness evidenced by the note and any indebtedness to Secured Party secured by this instrument, (2) rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of liens searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest, (3) filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest, and (4) fees and other charges now or later required by regulations of the Farmers Home Administration. At all times when the note is held by an insured holder, Debtor shall continue to make payments on the note to Secured Party, as collection agent for the holder.

D.   If the note is insured by Secured Party, Debtor will indemnify and save harmless Secured Party against any loss by reason of any default by Debtor.

E.   At all times when the note is held by an insured holder, any amount due and unpaid under the terms of the note to which the holder is entitled may be paid by Secured Party to the holder of the note for the account of Debtor. Any amount due and unpaid under the terms of the note, whether it is held by Secured Party or by an insured holder, may be credited by Secured Party on the note and thereupon shall constitute an advance by Secured Party for the account of Debtor. Any advance by Secured Party as described in this paragraph shall bear interest at the note rate from the date on which the amount of the advance was due to the date of payment to Secured Party, provided that Borrower shall be required to pay interest on only the principal portion of such advance unless otherwise provided in the regulations of the Farmers Home Administration.

F. Whether or not the note is insured by Secured Party, Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

G. All advances by Secured Party as described in this instrument, with interest, shall be immediately due and payable by Debtor to Secured Party without demand at the place designated in the latest note and shall be secured by this instrument. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

H. In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor will execute and deliver to Secured Party at any time, upon demand, such additional security instruments on such real and personal property as Secured Party may require.

IV. IT IS FURTHER AGREED THAT:

A. Until default Debtor may retain possession of the collateral.

B. Default shall exist under this instrument if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this instrument or to observe or perform any covenants or agreements in this instrument or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of anyone of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. Upon any such default.

1. Secured Party, at its option, with or without notice as permitted by law, may (a) declare the unpaid balance on the note and any indebtedness secured by this instrument immediately due and payable, (b) enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment unusable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale or other rights accorded by law.

2. Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such time(s) and place(s) as designated by Secured Party, and (b) waives all notices, exemptions, compulsory disposition and redemption rights.

3. A default shall exist under any other security instrument held or insured by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this instrument.

C. Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Farmers Home Administration, third to the satisfaction of indebtedness secured by this instrument, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any other obligations of Debtor owing to or insured by Secured Party, and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to or insured by Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

D. It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this instrument, no collateral covered by this instrument is or shall become realty or accessioned to other goods.

E. This instrument is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this instrument.

F. If any provision of this instrument is held invalid of unenforceable, it shall not affect any other provisions, but this instrument shall be construed as if it had never contained such invalid or unenforceable provision.

G. The rights and privileges of Secured Party under this instrument shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this instrument are joint and several and shall bind personal representatives, heirs, successors, and assigns.

H. If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured by this instrument and to pay for any cost necessary to be purchased in a cooperative lending agency in connection with such loan.

I. Secured Party shall have the sole and exclusive rights as the secured party under this instrument, including but not limited to the power to grant or issue any consent, release, subordination, continuation statement or termination statement, and no insured holder shall have any right, title, or interest in or to the security interest created by this instrument or any benefits of it.

J. SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.

K. Failure by the Secured Party to exercise any right—whether once or often—shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

_____ (SEAL)    _____ (SEAL)
JOHN L. G. BENAVENTE          (Debtor)                                          (Debtor)

☆ U.S. GOVERNMENT PRINTING OFFICE: 1988-554-052/60016-FmHA

This FINANCING STATEMENT is presented for filing pursuant to the Guam Uniform Commercial Code.

| DEBTOR (LAST NAME FIRST—IF AN INDIVIDUAL) | 1A. SOC. SEC. OR FEDERAL TAX NO |
|---|---|
| BENAVENTE, JOHN L.G. | 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 |

| MAILING ADDRESS | 1C. CITY, STATE/TERRITORY | 1D. ZIP CODE |
|---|---|---|
| P.O. Box 1609 | AGANA, GU | 96910 |

| ADDITIONAL DEBTOR (IF ANY) (LAST NAME FIRST—IF AN INDIVIDUAL) | 2A. SOC. SEC. OR FEDERAL TAX NO |
|---|---|
| | |

| MAILING ADDRESS | 2C. CITY, STATE/TERRITORY | 2D. ZIP CODE |
|---|---|---|
| | | |

| DEBTOR'S TRADE NAMES OR STYLES (IF ANY) | 3A. FEDERAL TAX NUMBER |
|---|---|
| TRIPLE B RANCH | |

| SECURED PARTY  FARMERS HOME ADMINISTRATION, UNITED STATES DEPARTMENT OF AGRICULTURE | 4A. BANK TRANSIT AND ABA NO. |
|---|---|
| MAILING ADDRESS   238 Abp. Flores St., Room 408 | |
| CITY Agana          STATE/TERRITORY  GU          ZIP CODE  96910 | |

| ASSIGNEE OF SECURED PARTY (IF ANY) | 5A. SOC. SEC. NO., FEDERAL TAX NO OR BANK TRANSIT AND A.B.A. N |
|---|---|
| NAME | |
| MAILING ADDRESS | |
| CITY          STATE/TERRITORY          ZIP CODE | |

This FINANCING STATEMENT covers the following types or items of property (include description of real property on which located wner of record when required by instruction 4).

All accounts, contract rights, general intangibles, harvested or growing cops (on Lot #5401, South Adacao, Barrigada, GU), livestock, farm and other equipment, farm products, supplies, inventory

| CHECK IF APPLICABLE ☒ | 7A. ☒☒ PRODUCTS OF COLLATERAL ARE ALSO COVERED | 7B. DEBTOR(S) SIGNATURE NOT REQUIRED IN ACCORDANCE WITH INSTRUCTION 5 (a) ITEM:  ☐ (1)  ☐ (2)  ☐ (3)  ☐ (4) |
|---|---|---|

| CHECK IF APPLICABLE ☒ | ☐ DEBTOR IS A "TRANSMITTING UTILITY" IN ACCORDANCE WITH UCC SEC. 9105 (1) (n) |
|---|---|

SIGNATURE(S) OF DEBTOR(S)     DATE: 12-22-93

JOHN L.G. BENAVENTE
TYPE OR PRINT NAME(S) OF DEBTOR(S)

SIGNATURE(S) OF SECURED PARTY(IES)

STEPHEN R. WETHERBEE
Area Supervisor
TYPE OR PRINT NAME(S) OF SECURED PARTY(IES)

Return copy to: Farmers Home Administration
238 Abp. Flores St., Room 408
Agana, GU  96910

_____
_____, Guam _____ (ZIP CODE)
(ADDRESS)

CODE: 1 2 3 4 5 6 7 8 9

10. THIS SPACE FOR USE OF FILING OFFICER (DATE, TIME, FILE NO. AND FILING OFFICE

**FILED**
**AGANA, GUAM**

DIR. REV. & TAX.

FILE NO: 12037
DATE: 12/22/93
TIME: 1:32 p.m.

**EXHIBIT**

This FINANCING STATEMENT is presented for filing pursuant to the Guam Uniform Commercial Code.

| DEBTOR (LAST NAME FIRST—IF AN INDIVIDUAL) | 1A. SOC. SEC. OR FEDERAL TAX NO |
|---|---|
| BENAVENTE, JOHN L.G. | 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 |

| MAILING ADDRESS | 1C. CITY, STATE/TERRITORY | 1D. ZIP CODE |
|---|---|---|
| P.O. Box 1609 | AGANA, GU | 96910 |

| ADDITIONAL DEBTOR (IF ANY) (LAST NAME FIRST—IF AN INDIVIDUAL) | 2A. SOC. SEC. OR FEDERAL TAX NO |
|---|---|
| | |

| MAILING ADDRESS | 2C. CITY, STATE/TERRITORY | 2D. ZIP CODE |
|---|---|---|
| | | |

| DEBTOR'S TRADE NAMES OR STYLES (IF ANY) | 3A. FEDERAL TAX NUMBER |
|---|---|
| TRIPLE B RANCH | |

| SECURED PARTY FARMERS HOME ADMINISTRATION, UNITED STATES DEPARTMENT OF AGRICULTURE | 4A. BANK TRANSIT AND ABA NO. |
|---|---|

MAILING ADDRESS 238 Abp. Flores St., Room 408

CITY Agana STATE/TERRITORY GU ZIP CODE 96910

| ASSIGNEE OF SECURED PARTY (IF ANY) | 5A. SOC. SEC. NO., FEDERAL TAX NO OR BANK TRANSIT AND A.B.A. N |
|---|---|
| NAME | |

MAILING ADDRESS

CITY STATE/TERRITORY ZIP CODE

This FINANCING STATEMENT covers the following types or items of property (include description of real property on which located owner of record when required by instruction 4).

All accounts, contract rights, general intangibles, harvested or growing cops (on Lot #5401, South Adacao, Barrigada, GU), livestock, farm and other equipment, farm products, supplies, inventory

| CHECK IF APPLICABLE | 7A. | PRODUCTS OF COLLATERAL ARE ALSO COVERED | 7B. DEBTOR(S) SIGNATURE NOT REQUIRED IN ACCORDANCE WITH INSTRUCTION 5 (a) ITEM: |
|---|---|---|---|
| ☒ | ☒☒ | | ☐ (1) ☐ (2) ☐ (3) ☐ (4) |

CHECK IF APPLICABLE ☒   ☐ DEBTOR IS A "TRANSMITTING UTILITY" IN ACCORDANCE WITH UCC SEC. 9105 (1) (n)

DATE: 12-22-93

SIGNATURE(S) OF DEBTOR(S)

JOHN L.G. BENAVENTE
TYPE OR PRINT NAME(S) OF DEBTOR(S)

SIGNATURE(S) OF SECURED PARTY(IES)

STEPHEN R. WETHERBEE
Area Supervisor
TYPE OR PRINT NAME(S) OF SECURED PARTY(IES)

Return copy to: Farmers Home Administration
238 Abp. Flores St., Room 408
Agana, GU 96910

_____ (ADDRESS)
_____, Guam _____ (ZIP CODE)

| CODE | 10. THIS SPACE FOR USE OF FILING OFFICER (DATE, TIME, FILE NO. AND FILING OFFICE |
|---|---|
| 1 | **FILED** AGANA, GUAM |
| 2 | |
| 3 | DIR. REV. & TAX. |
| 4 | FILE NO: 12037 |
| 5 | DATE: 12/22/93 TIME: 1:32 p.m. |
| 6 | |
| 7 | |
| 8 | |
| 9 | |

**COPY**

This STATEMENT is presented for filing pursuant to the Guam Uniform Commercial Code

| 1. FILE NO. OF ORIG. FINANCING STATEMENT | 1A. DATE OF FILING OF ORIG. FINANCING STATEMENT | 1B. DATE OF ORIG. FINANCING STATEMENT | 1C. PLACE OF FILING ORIG. FINANCING STATEMENT |
|---|---|---|---|
| 12037 | 12-22-93 | 12-23-93 | Agana, Guam |

| 2. DEBTOR (LAST NAME FIRST) | | 2A. SOCIAL SECURITY OR FEDERAL TAX NO. |
|---|---|---|
| BENAVENTE, John L. G. | | 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 |

| 2B. MAILING ADDRESS | 2C. CITY, STATE | 2D. ZIP CODE |
|---|---|---|
| P. O. Box 1609 | Agana, Guam | 96910 |

| 3. ADDITIONAL DEBTOR (IF ANY) (LAST NAME FIRST) | | 3A. SOCIAL SECURITY OR FEDERAL TAX NO. |
|---|---|---|
| | | |

| 3B. MAILING ADDRESS | 3C. CITY, STATE | 3D. ZIP CODE |
|---|---|---|
| | | |

**4. SECURED PARTY**

NAME USDA, Farm Service Agency
MAILING ADDRESS P. O. Box 50065
CITY Honolulu  STATE Hawaii  ZIP CODE 96850

4A. SOCIAL SECURITY NO. FEDERAL TAX NO. OR BANK TRANSIT AND A.B.A. NO.

**5. ASSIGNEE OF SECURED PARTY (IF ANY)**

NAME
MAILING ADDRESS
CITY  STATE  ZIP CODE

5A. SOCIAL SECURITY NO. FEDERAL TAX NO. OR BANK TRANSIT AND A.B.A. NO.

**6.**

A. [XX] CONTINUATION—The original Financing Statement between the foregoing Debtor and Secured Party bearing the file number and date shown above is continued. If collateral is crops or timber, check here [X] and insert description of real property on which growing or to be grown in Item 7 below.

B. [ ] RELEASE—From the collateral described in the Financing Statement bearing the file number shown above, the Secured Party releases the collateral described in Item 7 below.

C. [ ] ASSIGNMENT — The Secured Party certifies that the Secured Party has assigned to the Assignee above named, all the Secured Party's rights under the Financing Statement bearing the file number shown above in the collateral described in Item 7 below.

D. [ ] TERMINATION — The Secured Party certifies that the Secured Party no longer claims a security interest under the Financing Statement bearing the file number shown above.

E. [ ] AMENDMENT—The Financing Statement bearing the file number shown above is amended as set forth in Item 7 below. (Signature of Debtor required on all amendments.)

F. [ ] OTHER

**7.**

All accounts, contract rights, general intangibles, harvested or growing crops on Lot #5401, South Adacao, Barrigada, Guam, livestock, farm and other equipment, farm products, supplies and inventory.

**EXHIBIT D**

**8.**

(Date) December 10 , 19 98

By: _____
SIGNATURE(S) OF DEBTOR(S)  (TITLE)

By: _Harold H Makimoto_
SIGNATURE(S) OF SECURED PARTY(IES)
HAROLD H. MAKIMOTO
Farm Loan Chief  (TITLE)

**10.**
Return Copy to
NAME USDA, Farm Service Agency
ADDRESS P. O. Box 50065
CITY, AND STATE Honolulu, Hawaii 96850

FILING OFFICER COPY

STANDARD FORM-FILING FEE $3.00
Uniform Commercial Code-Form UCC-2

| CODE | 9. This Space for Use of Filing Officer (Date, Time, File Number, Filing Office) |
|---|---|
| 1 | Filed Agana, Guam |
| 2 | |
| 3 | |
| 4 | |
| 5 | JOSEPH T. DUENAS, Director of Revenue & Taxation |
| 6 | |
| 7 | File No. 12037 |
| 8 | Date: 12/11/98 |
| 9 | Time: 10:45 a.m. |

COPY

This STATEMENT is presented for filing pursuant to the Guam Uniform Commercial Code

| 1. FILE NO. OF ORIG. FINANCING STATEMENT | 1A. DATE OF FILING OF ORIG. FINANCING STATEMENT | 1B. DATE OF ORIG. FINANCING STATEMENT | 1C. PLACE OF FILING ORIG. FINANCING STATEMENT |
|---|---|---|---|
| 12037 | 12-22-93 | 12-23-93 | Agana, Guam |

| 2. DEBTOR (LAST NAME FIRST) | | 2A. SOCIAL SECURITY OR FEDERAL TAX NO. |
|---|---|---|
| BENAVENTE, John L. G. | | 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 |

| 2B. MAILING ADDRESS | 2C. CITY, STATE | 2D. ZIP CODE |
|---|---|---|
| P. O. Box 1609 | Agana, Guam | 96910 |

| 3. ADDITIONAL DEBTOR (IF ANY) (LAST NAME FIRST) | | 3A. SOCIAL SECURITY OR FEDERAL TAX NO. |
|---|---|---|
| | | |

| 3B. MAILING ADDRESS | 3C. CITY, STATE | 3D. ZIP CODE |
|---|---|---|
| | | |

4. SECURED PARTY

NAME  USDA, Farm Service Agency
MAILING ADDRESS  P. O. Box 50065
CITY  Honolulu  STATE  Hawaii  ZIP CODE  96850

| 4A. SOCIAL SECURITY NO. FEDERAL TAX NO. OR BANK TRANSIT AND A.B.A. NO. |
|---|
| |

5. ASSIGNEE OF SECURED PARTY (IF ANY)

NAME
MAILING ADDRESS
CITY  STATE  ZIP CODE

| 5A. SOCIAL SECURITY NO. FEDERAL TAX NO. OR BANK TRANSIT AND A.B.A. NO. |
|---|
| |

6.

A. [XX] CONTINUATION—The original Financing Statement between the foregoing Debtor and Secured Party bearing the file number and date shown above is continued. If collateral is crops or timber, check here [X] and insert description of real property on which growing or to be grown in Item 7 below.

B. [ ] RELEASE—From the collateral described in the Financing Statement bearing the file number shown above, the Secured Party releases the collateral described in Item 7 below.

C. [ ] ASSIGNMENT — The Secured Party certifies that the Secured Party has assigned to the Assignee above named, all the Secured Party's rights under the Financing Statement bearing the file number shown above in the collateral described in Item 7 below.

D. [ ] TERMINATION — The Secured Party certifies that the Secured Party no longer claims a security interest under the Financing Statement bearing the file number shown above.

E. [ ] AMENDMENT—The Financing Statement bearing the file number shown above is amended as set forth in Item 7 below. (Signature of Debtor required on all amendments.)

F. [ ] OTHER

7.

All accounts, contract rights, general intangibles, harvested or growing crops on Lot #5401, South Adacao, Barrigada, Guam, livestock, farm and other equipment, farm products, supplies and inventory.

8.

(Date) December 10 19 98

By: _____
SIGNATURE(S) OF DEBTOR(S)        (TITLE)

By: _Harold H. Makimoto_ (signature)        HAROLD H. MAKIMOTO
SIGNATURE(S) OF SECURED PARTY(IES)        Farm Loan Chief
        (TITLE)

10.

Return Copy to

NAME  USDA, Farm Service Agency
ADDRESS  P. O. Box 50065
CITY, AND STATE  Honolulu, Hawaii  96850

FILING OFFICER COPY

STANDARD FORM-FILING FEE $3.00        Uniform Commercial Code-Form UCC-3

CODE: 1 2 3 4 5 6 7 8 9

9. This Space for Use of Filing Officer
(Date, Time, File Number, Filing Office)

Filed
Agana, Guam

(signature)

JOSEPH T. DUENAS, Director
of Revenue & Taxation

File No. 12037
Date: 12/11/98
Time: 10:45 a.m.

COPY

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

## PROMISSORY NOTE

**KIND OF LOAN**

Type: ___EM___   ☒ Regular
                  ☐ Limited
                     Resource

Pursuant to:
☐ Consolidated Farm & Rural Development Act
☒ Emergency Agricultural Credit Adjustment
   Act of 1978

| Name | |
|---|---|
| BENAVENTE, JOHN L. G. | |
| State | County |
| GUAM | BARRIGADA |
| Case No. | Date |
| 620010586051503 | FEBRUARY 15, 1996 |
| Fund Code | Loan No. |
| 43 | 02 |

**ACTION REQUIRING NOTE**

| | |
|---|---|
| ☐ Initial loan | ☒ Rescheduling 43–01 |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| | ☐ Deferred payments |
| ☐ Consolidation | ☐ Debt write down |
| ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in __P. O. BOX 50065, HONOLULU, HAWAII  96850__

_____, or at such other place as the Government may later designate in writing, the principal sum of

__NINETEEN THOUSAND SIXTY ONE AND 67/100_____ dollars

($__19,061.67_____), plus interest on the unpaid principal balance at the **RATE** of

_____THREE AND THREE QUARTERS_____ percent (__3.75_____ %) per annum and

_____ZERO_____dollars ($ _0.00_____)
of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __15_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | | |
|---|---|---|---|---|---|
| $_1,685.00_____ | on _02-15-97_ | ; $_N/A_____ | on _____; |
| $_N/A_____ | on _____ | ; $_N/A_____ | on _____; |
| $_N/A_____ | on _____ | ; $_N/A_____ | on _____; |
| $_N/A_____ | on _____ | ; $_N/A_____ | on _____; |
| $_N/A_____ | on _____ | ; $_N/A_____ | on _____; |
| $_N/A_____ | on _____ | ; $_N/A_____ | on _____; |

and $_1,685.00_____ thereafter on FEBRUARY 15th of each __YEAR_____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _____15_____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

**EXHIBIT**

*E*

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 43-01 | $ 20,000.00 | 4.50 % | 12-22 , 1993 | BENAVENTE, JOHN L. G. | 12-22-2000XX |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING (GRADUATION) AGREEMENT: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Wherever "Farmers Home Administration", "FmHA", "Rural Development Administration", or "RDA" may appear the term, "United States of America" is substituted.

Presentment, protest, and notice are waived.

(SEAL)

_____

JOHN L. G. BENAVENTE                        *(Borrower)*

_____
P. O. Box 1609
_____
Agana, Guam  96910

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

"U.S. G.P.O.: 1992 - 654-050/40511          *Position 2*          FmHA 1940-17 (Rev. 4-92)

Form FmHA 440-9
(Rev. 7-28-76)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

SUPPLEMENTARY PAYMENT
AGREEMENT

| STATE |
| GUAM |
| COUNTY |
| BARRIGADA |
| CASE NO. |
| 620010586051503 |
| DATE |
| FEBRUARY 15, 1996 |

TYPE OF LOAN

☐ FO    ☐ SW

☐ FO-NFE ☐ RL

☐ RH   ☒ OTHER ___EM (43-02)___
                    (SPECIFY)

The undersigned (whether one or more persons, hereinafter called the "Borrower") being indebted for a loan made or insured by the United States of America, through the Farmers Home Administration, United States Department of Agriculture (hereafter called the "Government") as evidenced by a note or other debt instrument, (hereafter called the "notes"), dated

February 15 , 19 96 , _____, 19___ , _____ , 19 ___ , _____ , 19 _____ ,

and desiring to provide for payment of such indebtedness by a supplementary plan of payments, hereby agree with the Government, for good and valuable consideration, receipt of which is hereby acknowledged, as follows:

1. **THE BORROWER WILL PAY ALL OR PART OF THE INSTALLMENTS OF PRINCIPAL AND INTEREST ON THE NOTE BY MAKING PARTIAL PAYMENT EACH MONTH AS FOLLOWS:**

   (a) **FOR THE REMAINDER OF THIS CALENDAR YEAR, BEGINNING** ___March 1996___
                                                                        (month)          (year)

   $ 141.00 _____ **FOR** ___Ten___ **MONTHS.**
     (amount per month)          (number)

   (b) **DURING EACH YEAR FOR THE REMAINDER OF THE TERM OF THE NOTE, BEGINNING JANUARY**

   ___1997___ :
     (year)

| | | | | | |
|---|---|---|---|---|---|
| **JANUARY** . . . . . $ 141.00 | **MAY** . . . . . . . $ 141.00 | **SEPTEMBER** . . . $ 141.00 |
| **FEBRUARY** . . . . 141.00 | **JUNE** . . . . . . . . 141.00 | **OCTOBER** . . . . . 141.00 |
| **MARCH** . . . . . . . 141.00 | **JULY** . . . . . . . . 141.00 | **NOVEMBER** . . . . 141.00 |
| **APRIL** . . . . . . . . 141.00 | **AUGUST** . . . . . . 141.00 | **DECEMBER** . . . . 141.00 |

**EACH PAYMENT SHOWN ABOVE SHALL BE MADE ON OR BEFORE THE** ___15th___ **DAY OF THE RESPECTIVE MONTH INDICATED, AND ANY REMAINING UNPAID PORTION OF THE YEARLY PAYMENT SHALL BE MADE ON OR BEFORE THE ANNUAL INSTALLMENT DUE DATE SHOWN IN THE NOTE.**

2. Nothing herein shall be construed as affecting any of the terms or conditions of the note or the instrument securing it, other than the payment schedule set forth in the note,

3. Upon **DEFAULT** by the Borrower in any of the terms or conditions of this agreement, the Government at its option may declare the entire indebtedness of the note immediately due and payable.

4. This agreement may be canceled or amended at any time by mutual agreement in writing between the Borrower and the Government.

   However, if the total indebtedness of the Borrower to the Government is increased because of money advanced pursuant to the terms of the note, mortgage, or security agreement or because of a reduction in the amount of interest credit allowed the Borrower under the provisions of the Housing Act of 1949, as amended, this agreement will be modified by the Government to increase the monthly payments of the Borrower in an amount sufficient to pay the entire indebtedness on or before the due date shown in the note.

Wherever "Farmers Home Administration", "FmHA", "Rural Development Administration", or "RDA" may appear the term, "United States of America" is substituted.

| Make Check or Money Order payable to | USDA |
| ~~FARMERS HOME ADMINISTRATION~~ | Farm Service |
| and Mail or Deliver your payment to: | Agency |
| ~~FARMERS HOME ADMINISTRATION~~ | |
| c/o 494 West Route 8, Suite 103 | |
| Street Address or P.O. Box | |
| Barrigada, Guam  96913 | |
| Town        State        Zip Code | |

x _____
JOHN L. G. BENAVENTE        (Borrower)

_____
                         (Spouse)

☆U.S. GPO:1977-0-765-006/1502

*Position 2*

FmHA 440-9 (Rev. 7-28-76)

**USDA-FmHA**
Form FmHA 1940-17
(Rev. 4-92)

# COPY

## PROMISSORY NOTE

<table>
<tr><td colspan="2"><b>KIND OF LOAN</b></td></tr>
<tr><td>Type: __EM__</td><td>☒ Regular<br>☐ Limited<br>   Resource</td></tr>
</table>

Pursuant to:
☐ Consolidated Farm & Rural Development Act
☒ Emergency Agricultural Credit Adjustment Act of 1978

| Name | | |
|---|---|---|
| BENAVENTE, JOHN L. G. | | |

| State | County | **ACTION REQUIRING NOTE** |
|---|---|---|
| GUAM | BARRIGADA | ☐ Initial loan    ☒ Rescheduling 43-02 |

| Case No. | Date |
|---|---|
| 62-01-586051503 | DECEMBER 11, 1997 |

| Fund Code | Loan No. |
|---|---|
| 43 | 03 |

**ACTION REQUIRING NOTE**
☐ Initial loan
☐ Subsequent loan
☐ Consolidated & subsequent loan
☐ Consolidation
☐ Conservation easement
☒ Rescheduling 43-02
☐ Reamortization
☐ Credit sale
☐ Deferred payments
☐ Debt write down

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in P. O. BOX 50065, HONOLULU, HAWAII 96850

__--__, or at such other place as the Government may later designate in writing, the principal sum of

--TWENTY THOUSAND THREE HUNDRED SIXTY-TWO AND 04/100--- dollars

($ 20,362.04 ), plus interest on the unpaid principal balance at the **RATE** of

THREE AND THREE QUARTERS percent ( 3.75 %) per annum and

ZERO dollars ($ 0.00 )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Adminis-tration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Bor-rower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __15__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $ 1,800.00 | on 12-11-98 | ; $ N/A | on ; |
| $ N/A | on | ; $ N/A | on ; |
| $ N/A | on | ; $ N/A | on ; |
| $ N/A | on | ; $ N/A | on ; |
| $ N/A | on | ; $ N/A | on ; |
| $ N/A | on | ; $ N/A | on ; |

and $ 1,800.00 thereafter on DECEMBER 11th of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __15__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

**EXHIBIT**

tebbie's F

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 43-02 | $ 19,061.67 | 3.75 % | February 15 19 96 | BENAVENTE, John L.G. | 02-15-2011 xx |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT**: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Whenever "Farmers Home Administration", "FmHA" "Rural Development Administration". or "RDA" may appear the term, "United States of America" is subsdtuted.

Presentment, protest, and notice are waived.

(SEAL)

JOHN L. G. BENAVENTE                    *(Borrower)*

P. O. Box 1609

Agana, Guam  96910

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

*U.S. G.P.O.: 1992 - 654-050/40511    *Position 2*    FmHA 1940-17 (Rev. 4-92)

Form RD 440-9
(Rev. 8-97)

UNITED STATES DEPARTMENT OF AGRICULTURE
RURAL DEVELOPMENT

**SUPPLEMENTARY PAYMENT
AGREEMENT**

| STATE |
|---|
| GUAM |
| COUNTY |
| BARRIGADA |
| CASE NO. |
| 62-01-586051503 |
| DATE |
| DECEMBER 11, 1997 |

TYPE OF LOAN

☐ FO ☐ SW

☐ FO-NFE ☐ RL

☐ RH ☒ OTHER __EM (43-03)__
(SPECIFY)

The undersigned (hereinafter call the "Borrower") being indebted for a loan made or insured by the United States of America, through the United States Department of Agriculture (hereafter called the "Government") as evidenced by a note or other debt instrument, (hereafter called the "notes"), dated

__December 11__, 19 __97__, _____, 19 ____, _____, 19 ____, _____, 19 ____,
and desiring to provide for payment of such indebtedness by a supplementary plan of payments, hereby agrees with the Government, for good and valuable consideration, receipt of which is hereby acknowledged, as follows:

1. **THE BORROWER WILL PAY ALL OR PART OF THE INSTALLMENTS OF PRINCIPAL AND INTEREST ON THE NOTES BY MAKING PARTIAL PAYMENTS EACH MONTH AS FOLLOWS:**

   (a) FOR THE REMAINDER OF THIS CALENDAR YEAR, BEGINNING __--__
   (month)   (year)

   $ __--__ FOR __--__ MONTHS.
   (amount per month)   (number)

   (b) DURING EACH YEAR FOR THE REMAINDER OF THE TERM OF THE NOTE, BEGINNING JANUARY

   __1998__ :
   (year)

| JANUARY ...... $ 150.00 | MAY ......... $ 150.00 | SEPTEMBER ... $ 150.00 |
|---|---|---|
| FEBRUARY ..... $ 150.00 | JUNE ........ 150.00 | OCTOBER ..... 150.00 |
| MARCH ........ $ 150.00 | JULY ........ 150.00 | NOVEMBER .... 150.00 |
| APRIL ........ $ 150.00 | AUGUST .... 150.00 | DECEMBER .... 150.00 |

**EACH PAYMENT SHOWN ABOVE SHALL BE MADE ON OR BEFORE THE __11th__ DAY OF THE RESPECTIVE MONTH INDICATED, AND ANY REMAINING UNPAID PORTION OF THE YEARLY PAYMENT SHALL BE MADE ON OR BEFORE THE ANNUAL INSTALLMENT DUE DATE SHOWN IN THE NOTES.**

2. Nothing herein shall be construed as affecting any of the terms or conditions of the notes or the instrument securing them, other than the payment schedule set forth in the notes.

3. Upon **DEFAULT** by the Borrower in any of the terms or conditions of this agreement, the Government at its option may declare the entire indebtedness of the notes immediately due and payable.

4. This agreement may be canceled or amended at any time by mutual agreement in writing between the Borrower and the Government.

   However, if the total indebtedness of the Borrower to the Government is increased because of money advanced pursuant to the terms of the notes, mortgages, deeds of trust, or security agreements or because of a reduction in the amount of interest credit or payment assistance allowed the Borrower under the provisions of the Housing Act of 1949, as amended, this agreement will be modified by the Government to increase the monthly payments of the Borrower in an amount sufficient to pay the entire indebtedness on or before the due date shown in the notes.

   *Wherever "Farmers Home Administration", or "Rural Development Administration", or "RDA" may appear the term, "United States of America" is substituted.*

| Make Check or Money Order payable to | USDA |
|---|---|

and Mail or Deliver your payment to
USDA, Farm Service Agency
P. O. Box 50065
*Street Address or P.O. Box*
Honolulu, HI 96850

| Town | State | Zip Code |
|---|---|---|

_JOHN L. G. BENAVENTE_ (Borrower)

_____ (Spouse)

Position 2   RD 440-9 (Rev. 8-97)

COPY



**USDA**

United States
Department of
Agriculture

Farm and
Foreign
Agricultural
Services

**Farm
Service
Agency**

Hawaii State and
Pacific Basin
FSA Office
P.O. Box 50008
Honolulu, HI 96850
(808) 541-2600
FAX: (808) 541-2648

# CERTIFICATE OF INDEBTEDNESS

Debtor(s) Name(s) and
Address(es):

BENAVENTE, John L.G.
P.O. Box 1609
Hagatna, Guam 96910

Total debt due United States as of January 26, 2002:
$20,362.04 (principal)
$ 2,972.53 (interest)
$23,334.57 (Total)

I certify that Farm Service Agency records show that the debtor named above is indebted
to the United States in the amount stated above, plus additional interest on the principal
balance of $20,362.04 from January 27, 2002 at the annual rate of 3.75%. Interest
accrues on the principal amount of this debt at the rate of $2.0920 per day.

The claim arose in connection with a loan made by the USDA, Farm Service Agency
(fka Farmers Home Administration).

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury
that the foregoing is true and correct.

_01/29/02_
_____
(Date)

_____
STEVEN R. BAZZELL
Farm Loan Specialist

USDA is an Equal Opportunity Employer

**EXHIBIT**
tabbies
**G**

# United States District Court

_____ DISTRICT OF ___ GUAM _____

UNITED STATES OF AMERICA

v.

JOHN L.G. BENAVENTE

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: **02-00009**

ACKNOWLEDGED RECEIPT

By: _____

Date: _____

TO: (Name and Address of Defendant)
John L.G. Benavente
P.O. Box 1609
Hagatna, Guam 96932

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

MARIVIC P. DAVID, AUSA
U.S. Attorney's Office
Sirena Plaza
108 Hernan Cortez, Suite 500
Agana, Guam 96910

an answer to the complaint which is herewith served upon you, within __ Twenty (20) __ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

MARY L.M. MORAN

CLERK

/s/ Leilani R. Toves Hernandez

BY DEPUTY CLERK

MAR 22 2002

DATE

